UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD THOMPSON,

     Plaintiff,

                                       Case No. 20-cv-10727

v.                                     Hon. Matthew F. Leitman

LISA O. GORCYCA, *et al.*,

     Defendants.

_____/

## ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 35) TO REPORT AND RECOMMENDATION (ECF No. 33); (2) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 30); (3) VACATING ENTRY OF DEFAULT (ECF No. 27); (4) DISMISSING AMENDED COMPLAINT (ECF No. 9); AND (4) TERMINATING PLAINTIFF'S MOTIONS FOR A DEFAULT JUDGMENT AND FOR A TEMPORARY RESTRAINING ORDER AND/OR PERMANENT INJUNCTION AS MOOT (ECF Nos. 37, 39)

Between 2015 and 2018, Plaintiff Edward Thompson was involved in various state-court lawsuits that did not end up as he had hoped they would. Each court in which he litigated entered one or more orders that he finds objectionable. Appearing *pro se*, he has now sued the judges who presided over his lawsuits, an administrative arm of one of the courts in which he litigated, and one of the attorneys who represented an opposing party. (*See* First Am. Compl., ECF No. 9.) He asks this Court to "relieve him of all obligations and void orders from the state courts." (Objections, ECF No. 35, PageID.2413.)

1

Defendants Lisa A. Gorcyca and Nancy T. Carniak (two state-court judges that issued rulings against him) and the Oakland County Friend of the Court (an administrative arm of the Oakland County Circuit Court) have moved to dismiss Thompson's First Amended Complaint for lack of subject-matter jurisdiction. (*See* Mot., ECF No 30.)   On January 7, 2021, the assigned Magistrate Judge recommended that the Court grant the motion (the "R&R").[1] (*See* R&R, ECF No. 33.)   The Magistrate Judge concluded that the Court lacked jurisdiction over Thompson's claims under the *Rooker-Feldman* doctrine because "[t]he sources of Thompson's claimed injuries" were judgments entered by the state courts. (*Id.*, PageID.2394.)   Thompson has now filed timely objections to the R&R. (*See* Objections, ECF No. 35.)

The Court agrees with the Magistrate Judge that Thompson's claims fall squarely within *Rooker-Feldman*.   Indeed, Thompson insists that "[a]ll the state courts [sic] judgments and orders are void" because the state courts did not have "proper jurisdiction," and he repeatedly asks this Court to eliminate all of the

---

[1] The Magistrate Judge further recommended that the Court dismiss Thompson's claims against Defendant Jennifer Paine, an attorney who represented Thompson's ex-wife in state court divorce proceedings.   Paine has not appeared in this action. On October 20, 2020, the Clerk of the Court entered a default against her. (*See* Default, ECF No. 27.)   The Magistrate Judge concluded that the Court lacked subject-matter jurisdiction over Thompson's claims against Paine, and she therefore recommended that the Court vacate the default and dismiss Thompson's claims against Paine. (*See* R&R, ECF No. 33, PageID.2384.)

2

"obligations" imposed by those orders and judgments. (*Id.*, PageID.2413-2414, 2423.)  The Court lacks jurisdiction to grant Thompson that relief.  Accordingly, for the reasons stated below, the Court **OVERRULES** Thompson's objections to the R&R and **GRANTS** Defendants' motion to dismiss.

## I

## A

Thompson filed this action against the Defendants on March 17, 2020. (*See* Compl., ECF No. 1.)  His claims arise out of two prior state court lawsuits in which he was involved.   The first earlier lawsuit was Thompson's divorce case in the Oakland County Circuit Court.  Circuit Judge Lisa Gorcyca presided over that case. In this action, Thompson claims that Judge Gorcyca wrongly ordered him to pay child support in his divorce case. (*See*, *e.g.*, First Am. Compl. at ¶38, ECF No. 9, PageID.79.)  Thompson also alleges that Judge Gorcyca refused to accept the terms of a child custody agreement he reached with his ex-wife under which he would be granted full custody of his children. (*See id.* at ¶¶ 46-49, 92, 105, PageID.81, 89, 91.) Instead, Judge Gorcyca erroneously ordered Thompson to "surrender his children." (*Id.* at ¶105, PageID.91.)  Finally, Thompson claims that Judge Gorcyca "signed an order … grant[ing] 100% of [his] property to [his ex-wife]." (*Id.* at ¶146, PageID.97.)

3

The second earlier lawsuit at issue here is a landlord-tenant eviction action related to real property located at 1410 Glass Lake Circle in Oxford, Michigan (the "Oxford Property"). Thompson says that even though he owned the Oxford Property, his ex-wife filed the action in the 52-3 District Court to evict Thompson's tenant from the property. (*See id.* at ¶¶ 118-119, PageID.93.) Judge Nancy Carniak presided over the eviction action. Thompson says that when he tried to intervene in that action, Judge Carniak wrongly refused to allow him to participate. (*See id.* at ¶¶ 121, 130, PageID.93, 95.) Judge Carniak then "entered a default judgment in favor of [Thompson's ex-wife], which essentially stated that Thompson was required by law to vacate [the Oxford Property]." (*Id.* at ¶122, PageID.94.)

In this action, Thompson asks the Court to overturn the state court rulings described above and award him damages that he suffered as a result of those rulings. More specifically, Thompson seeks "an order clarifying [that] all previous Judgements [sic] and orders" from the state courts "pertaining to [his] property are deemed dismissed for lack of jurisdiction and are [to] be considered null and void." (*Id.*, PageID.109.) He also seeks to undo other aspects of the state court rulings. For instance, he asks the Court for:

- "An order awarding him, sole legal and physical custody of his child – Edward Thompson III";

4

- "An order closing [his] child support account, removing arrears, reimbursing [him] for all monies ordered, garnished, stolen, or seized [by the state court]";

- "An order awarding him market value rent from the occupant(s) of [the Oxford Property]"; and

- "An order removing the occupants and the occupant's [sic] belongings from [the Oxford Property]."

(*Id.*, PageID.109-110.)

## B

Defendants Gorcyca, Carniak, and the Oakland County Friend of the Court filed a motion to dismiss Thompson's First Amended Complaint on November 3, 2020. (*See* Mot., ECF No. 30.)  These Defendants argued that "under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to entertain [Thompson's] claims because they are a collateral attack on adverse state rulings." (*Id.*, PageID.1939-1940.)

Defendant Paine has not appeared in this action. On October 20, 2020, the Clerk of the Court entered a default against her. (*See* Default, ECF No. 27.)

## C

The Court referred this action to the assigned Magistrate Judge "for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all

5

dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (Order, ECF No. 7.)  On January 7, 2021, the Magistrate Judge the R&R in which she recommended that the Court grant Defendants' motion to dismiss, vacate the default entered against Paine, and dismiss Thompson's First Amended Complaint in its entirety. (*See* R&R, ECF No. 33.)   The Magistrate Judge explained that the Court lacked subject-matter jurisdiction under *Rooker-Feldman* because Thompson was "attempting to make an end-run around the state court" rulings against him:

> [T]hough Thompson claims that he is not seeking to set aside the state court judgments because of alleged legal error, his requests for relief leave no doubt that he is attempting to make an end-run around the state court judgments about child custody and the marital property. He requests an order "clarifying all previous Judgements [sic] and orders" from the state court about his alleged property and that those judgments and orders be "deemed dismissed for lack of jurisdiction" and "considered null and void." [ECF No. 9, PageID.109]. Thompson requests an award of the market value of the rents for the Oxford property, an order that the current occupants of that property be removed, and an award of custody of his son. [*Id.*, PageID.109-110]. He asks for "[an] order closing the child support account, removing arrears, reimbursing Thompson for all monies ordered, garnished, stolen or seized, plus the 66% matching federal funds." [*Id.*, PageID.110].
>
> Thompson lost in the state court and now invites this Court to review and reject the state court judgments. The sources of Thompson's claimed injuries are the state court judgments themselves. Thus, Thompson's claims are barred by the *Rooker-Feldman* doctrine.

(*Id.*, PageID.2393-2394.)

**D**

Thompson filed timely objections to the R&R on January 21, 2021. (*See* Objections, ECF No. 35.)  The objections are difficult to follow, and Thompson repeats many of the same arguments over and over verbatim throughout the objections. To the extent that the Court can discern specific objections to the R&R, the Court will address them individually below.

**II**

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo. See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of a report and recommendation to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**III**

**A**

Thompson first objects to the Court's referral of the motion to dismiss to the Magistrate Judge.  Thompson insists that he never consented to have the motion heard before a Magistrate Judge, and he says that the "absence of consent is a jurisdictional defect." (Objections, ECF No. 35, PageID.2402.)  The Court disagrees.

7

The Court's referral of Defendants' motion to dismiss to the Magistrate Judge complied with all of the relevant provisions of the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*.  That Act "deals with the type of proceeding and matters that the district court may refer to a magistrate judge, and the timing and method of [such a] referral." *Callier v. Gray*, 167 F.3d 977, 980 (6th Cir. 1999) (citing 28 U.S.C. § 636). As relevant here, the Act provides that a district judge may refer a dispositive motion – such as a motion to dismiss – to a Magistrate Judge so that the Magistrate Judge may issue, among other things, "recommendations for the disposition" of the motion. *Id.* (quoting 28 U.S.C. § 636(b)(1)(B)).  Such a referral "does not require the consent of the parties because the magistrate's recommendation receives *do novo* review from the district court judge." *Bond v. Hood*, 889 F.2d 1086 (TABLE), 1989 WL 137846, at \*1 (6th Cir. Nov. 21, 1989). *See also Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000) (noting that referrals under "28 U.S.C. § 636(b)(1)(B) do[] not require the consent of the parties"); *Gilman v. IRS*, 2015 WL 2345521, at \*1 (W.D. Mich. Mar. 25, 2015) (rejecting argument that "the Magistrate Judge's participation in this matter [was] improper because [the plaintiff] did not consent to her handling of his case" and explaining that "[c]onsent from the parties is not required for a Court to refer a matter to a magistrate judge under § 636(b)(1)").

For all of these reasons, the Court **OVERRULES** Thompson's objection that the Magistrate Judge lacked jurisdiction to issue the R&R.

**B**

Thompson next objects to the Magistrate Judge's conclusion that the Court lacks subject-matter jurisdiction over his claims under the *Rooker-Feldman* doctrine. (*See*, *e.g.*, Objections, ECF No. 35, PageID.2414.)  Thompson says that *Rooker-Feldman* is "inapplicable" to this case because "[i]t applies only to deprive this [C]ourt of jurisdiction of a claim already decided in a state court [of] proper jurisdiction," and he insists that the state courts did not have "proper jurisdiction" to issue rulings and judgments against him. (*Id.*)  The Court disagrees and concludes that Thompson's claims are barred by *Rooker-Feldman*.

"The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *VanderKodde v. Mary Jane M. Elliot, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020).  But the doctrine is "limited [in] scope." *Id.*  "It does not, for example, bar 'a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Id.* (quoting *Exxon Mobile v. Saudi Basic Industries*, 544 U.S. 280, 293 (2005)).  "It applies only to the 'narrow' set of 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments.'" *Id.* (quoting *Exxon*, 544 U.S. at 284).

When determining "whether *Rooker-Feldman* bars a claim," courts should "look[] to the source of the injury the plaintiff alleges in the federal complaint." *Id.* at 402 (internal quotation marks omitted). "If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim. A court cannot determine the source of the injury without reference to the plaintiff's request for relief." *Id.* (internal citations and punctuation omitted). *See also Hancock v. Miller*, 852 F. App'x 914, 921 (6th Cir. 2021) (explaining that "alleging error in a state court decision rouses *Rooker–Feldman*") (internal citation omitted).

Here, *Rooker-Feldman* bars Thompson's claims because he is seeking review of the final state court judgments against him. Indeed, in his objections, Thompson repeatedly says that "[a]ll the state court judgments and orders are void because they are contrary to the written settlement between the parties," and he directly asks this Court to "relieve him of all obligations and void orders from the state courts." (Objections, ECF No. 35, PageID.2414, 2424.) He seeks the same relief in his Amended Complaint. There, he asks this Court, among other things, to issue "an order clarifying [that] all previous Judegments [sic] and orders" from the state courts

"pertaining to [his] property are deemed dismissed for lack of jurisdiction and are [to] be considered null and void." (First Am. Compl., ECF No. 9, PageID.109.)  He further asks this Court to (1) grant him custody of his son in contravention Judge Gorcyca's order granting custody to his wife, (2) reverse Judge Grocyca's orders that opened a child support account and required him to pay child support, and (3) reverse Judge Carniak's ruling against him in the landlord-tenant dispute by evicting the current tenants at the Oxford Property (*i.e.*, the tenants who took occupancy after Judge Carniak ordered the prior tenant evicted) and requiring those tenants to pay him back rent. (*See id.*, PageID.109-110.)  As these requests for relief make clear, all of Thompson's claimed injuries, and all of the relief he seeks, stem directly from the state court rulings and judgments entered against him in state court.  His claims therefore fall within the limited scope of *Rooker-Feldman*. *See Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) (concluding that plaintiffs' request "that the District Court declare [the state court's] decision void because [that court] allegedly violated their due process and equal protection rights" was barred by *Rooker-Feldman* doctrine).

Thompson counters that *Rooker-Feldman* does not bar his claims because the state courts "lack[ed] jurisdiction" over him and thus "no state court has litigated [his] outstanding claim[s]." (Objections, ECF No. 35, PageID.2415.)  Thompson does not cite any authority in support of that contention, and the Court is not

persuaded by it.  To the extent that Thompson wanted relief from the state court orders and judgments on the basis that the state courts lacked authority or jurisdiction to enter them, he should have taken appeals in the Michigan state appellate courts and, if necessary and appropriate, in the United States Supreme Court. *See*, *e.g.*, *Hall*, 727 F.3d at 454 (noting that "even if [the state court] had conducted [its] proceedings erroneously, [p]laintiffs could have directly appealed to the state appellate court").

Thompson further appears to argue that his claims fall outside of *Rooker-Feldman* because the Defendants engaged in fraud and other misconduct in the state courts. (*See* Objections, ECF No. 35, PageID.2404.)  He thus seems to invoke the rule that *Rooker-Feldman* does not apply where "there is some other source of injury [other than a state court's judgment], such as a third party's actions." *VanderKodde*, 951 F.3d at 402.  But this argument does not save Thompson's claims for at least two reasons.  First, presiding judges are not third parties for purposes of *Rooker-Feldman*, and therefore Thompson's allegations Judges Gorcyca and Carniak acted without jurisdiction and/or committed other misconduct do not allow him to avoid application of *Rooker-Feldman*. *See*, *e.g.*, *Hall*, 727 F.3d at 454 ("Here, Plaintiffs claim that Judge Cross was a third party who injured them with her actions during the state court proceeding. However, Judge Cross was not a third party, but the presiding judge. This directly implicates *Rooker–Feldman* concerns"); *Antwine v.*

12

*Hoffner*, 2018 WL 2273668, at \*2 (6th Cir. Apr. 12, 2018) ("Antwine seeks to avoid this result by claiming that his injury did not arise from the state court's judgment, but from Judge O'Grady himself. And when a plaintiff's stated injury can be traced to a third party's action, the claim survives *Rooker–Feldman*. But Judge O'Grady is not a 'third party'—he is the presiding judge. And errors made by state court judges are barred from federal-court consideration") (internal citations omitted).

Second, to the extent that Thompson says that Paine and/or the Oakland County Friend of the Court committed fraud or other misconduct during the state-court proceedings, his allegations against those Defendants simply are not plausible. As the Magistrate Judge correctly pointed out, "none of Thompson's factual allegations make a colorable claim that" either Paine or the Oakland County Friend of the Court "committed fraud to procure a court judgment." (R&R, ECF No. 33, PageID.2392-2393.) Thus, to the extent that Thompson has attempted to plead that Paine and/or the Oakland County Friend of the Court committed fraud, those allegations are insufficient to defeat application of *Rooker-Feldman*. *See*, *e.g.*, *Andrews v. California Dep't of Consumer Affairs*, 2018 WL 1471877, at \*\* 3-4 (N.D. Cal. Mar. 26, 2018) (explaining that while *Rooker-Feldman* "does not bar federal jurisdiction over claims asserting that state-court judgments have been obtained by extrinsic fraud upon the court," *Rooker-Feldman* nonetheless barred the plaintiff's claims because "[t]he facts on which [plaintiff] relie[d]" did not "add up

to a plausible claim of extrinsic fraud"); *Sparks v. NBC E-Online*, 2021 WL 860001, at *3 (C.D. Cal. Mar. 8, 2021) ("Here, based on the allegations in [plaintiff's] Complaint… [plaintiff] did not plausibly allege facts showing that an adverse party committed an extrinsic fraud on the state court. Accordingly, the [c]ourt dismissed his Complaint because it merely sought to set aside a state-court judgment based on a purported legal error—a textbook example of a case barred by *Rooker-Feldman*"); *Collins v. Wells Fargo Bank*, 2013 WL 1092894, at *10 (D. Arz. Mar. 15, 2013) (holding that "Amended Complaint fail[ed] to allege sufficient facts upon which to base a plausible claim for extrinsic fraud to preclude the application of the *Rooker–Feldman* doctrine").

For all of these reasons, the Court concludes that Thompson's claims are barred by the *Rooker-Feldman* doctrine.   The Court therefore **OVERRULES** Thompson's objections and will **GRANT** Defendants' motion to dismiss.

## C

Thompson further objects to the Magistrate Judge's recommendation that the Court vacate the Clerk's entry of default with respect to Defendant Paine and dismiss Thompson's claims against her. (*See* Objections, ECF No. 35, PageID.2402-2403.) But for all of the reasons explained above, the Court lacks subject-matter jurisdiction over Thompson's claims.  The Court therefore **OVERRULES** this objection.

14

**D**

Finally, Thompson has filed two motions that are now pending before the Court: (1) a motion for a default judgment with respect to Paine and (2) a motion for a temporary restraining order and/or permanent injunction that appears to ask this Court to stop the state courts from taking action against him – such as garnishing his wages and/or issuing warrants for his arrest – due to his failure to pay child support. (*See* Mots., ECF Nos. 37, 39.)  As explained above, the Court lacks subject-matter jurisdiction over all of Thompson's claims, and it is dismissing his First Amended Complaint.  The Court will therefore **TERMINATE** Thompson's motions as moot.

**IV**

For all of the reasons stated above, **IT IS HEREBY ORDERED** as follows:

- Thompson's objections (ECF No. 35) to the R&R (ECF No. 33) are **OVERRULED**;

- Defendants' motion to dismiss (ECF No. 30) is **GRANTED**;

- Thompson's First Amended Complaint (ECF No. 9) is **DISMISSED** for lack of subject-matter jurisdiction;

- The entry of a default against Defendant Paine (ECF No. 27) is **VACATED**;

- Thompson's motion for a default judgment (ECF No. 37) is **TERMINATED AS MOOT**; and

15

- Thompson's motion for a temporary restraining order and/or permanent injunction (ECF No. 39) is **TERMINATED AS MOOT**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 16, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

16